Aaron D. Shipley (NSBN 8258)
Rory T. Kay (NSBN 12416)
MCDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
Facsimile:  (702) 873-9966
ashipley@mcdonaldcarano.com
rkay@mcdonaldcarano.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW GOLDBERGER, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>SMARTCAREOS, LLC, a Delaware limited liability company; SMART TUITION HOLDINGS, LLC, a Delaware limited liability company; LYRICAL PARTNERS, L.P., a Delaware limited partnership; DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive,<br><br>Defendants. | CASE NO.:  2:16-cv-01884-RFB-NJK<br><br>**1.  STATUS REPORT REGARDING DISCOVERY PLAN;**<br><br>**2.  REQUEST FOR STAY OF DISCOVERY; AND**<br><br>**3.  PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER FOLLOWING STAY OF DISCOVERY**<br><br>**[SPECIAL SCHEDULING REVIEW REQUESTED ]** |

Pursuant to the Court's November 18, 2016 Order (Dkt. 21), Fed. R. Civ. P. 26(f), and Local Rule 26-1, plaintiff Andrew Goldberger ("Plaintiff") and defendants SmartCareOS, LLC, Smart Tuition Holdings, LLC and Lyrical Partners, L.P. (collectively, "Defendants"), through their respective undersigned counsel, hereby submit this Status Report Regarding Discovery Plan, Request for Stay of Discovery, and Proposed Discovery Plan and Scheduling Order.

**I.      STATUS REPORT AND REQUEST FOR STAY OF DISCOVERY**

1.      On September 30, 2016, Defendants SmartCareOS, LLC, Smart Tuition Holdings, LLC, and Lyrical Partners, L.P. filed a Motion to Dismiss (Dkt. 14) (the "Motion") pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).  Specifically, Defendants argued that Lyrical Partners, L.P. should be dismissed for lack of personal jurisdiction and that Plaintiff failed to state claims upon

1  which relief can be granted.[1]  Plaintiff opposed the Motion (Dkt. 19), arguing the contrary.  The Motion has been fully briefed (*see* Dkt. 20.) and the parties await the Court's decision.  While the parties have differing views on the merits of the Motion, the parties agree that the outcome of the Motion may have an impact on which parties are subject to discovery and on the scope of discovery.

2.  Since the filing of this Action and the Motion, the parties have engaged in some preliminary settlement negotiations.  The parties are currently working towards scheduling an informal settlement conference and possibly a mediation.  The parties currently wish to focus their efforts and resources on resolution and wish to avoid incurring unnecessary expenses associated discovery.

3.  Given that a decision on the Motion may impact the scope of the discovery, and given the parties desire to explore resolution while avoid incurring unnecessary expenses that may inhibit efforts at resolution, the parties wish to stay the commencement of discovery for 60 days.

4.  Therefore, based upon these reasons, which the parties submit constitute good cause, they hereby stipulate to stay the commencement of discovery for 60 days and propose the Stipulated Discovery Plan and Scheduling Order below.

5.  Defendants reserve the right to seek a further stay if, within the 60 day stay period, the parties are unable to resolve this matter and the Court has not decided the Motion.

### III. INFORMATION PURSUANT TO FED. R. CIV. P. 26(f)

1.  **Rule 26(f) Conference**:  On October 31, 2016 the parties participated in a conference to discuss issues required by Fed. R. Civ. P. 26(f).  Counsel for Plaintiff, Aaron D. Shipley, Esq., and counsel for Defendants, Joshua M. Dickey, Esq., participated in the conference.

2.  **Rule 26(a) Disclosures**:  The parties will exchange the initial disclosures required by Fed. R. Civ. P. 26(a), on or before **January 22,** 2017.

---

[1] Pursuant to Rule 12(b)(6), Defendants moved to dismiss all Plaintiff's claims except the Fifth Cause of Action. (*See* Dkt. 14 at 1 n.1.)

3. **Discovery**: Subject to the proposed stay, the parties agree that discovery should extend to the full extent allowed by the Federal Rules of Civil Procedure and that discovery should not be limited to any particular issues. As noted below, discovery will be completed on or before **July 22, 2017**.

4. **Electronically Stored Information**: All discoverable information, including discoverable information stored on electronic media, in existence will be preserved for disclosure. The parties are already preserving their discoverable information.

5. **Claims of Privilege or of Protection**: The parties agree that any inadvertent disclosure of any privileged or trial-preparation materials shall not result in the waiver of any associated privilege nor result in a subject matter waiver of any kind. The parties agree, however, that the disclosure of any particular material shall cease to be "inadvertent" if, 3 days after the receiving party notifies the producing party that it has received the material, the producing party does not request the return of the privileged matter. The parties agree to return any privileged material inadvertently disclosed immediately upon notice of the disclosure. The parties agree that no copies of the inadvertently disclosed materials will be made or kept by the receiving party. These provisions shall not be deemed to prevent any party from seeking an order compelling production of any material, including material returned as a result of a claim of inadvertent disclosure.

6. **Limitations on Discovery**: Subject to the proposed stay, the parties do not currently anticipate a need to suspend or change the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules.

7. **Other Orders**: Subject to the Court's decision on the Motion and any potential request for further stay, the parties do not currently anticipate a need for additional orders.

8. **Settlement**: As reflected above and in accordance with Fed. R. Civ. P. 26(f), counsel for the parties discussed settlement. At this time, none of the parties' settlement efforts were or have been successful.

/ / /

/ / /

IV. **INFORMATION PURSUANT TO LOCAL RULE 26(b)**

The parties propose to the Court the following discovery plan and scheduling order deadlines:

6. **Discovery Cut-Off Date**: Discovery will be complete on or before **July 21, 2017**, one hundred eighty (180) days after the stipulated stay expires.

7. **Amendment of Pleadings and Adding Parties**. Amendment of Pleadings and Adding Parties shall be no later than **April 22, 2017**, ninety (90) days before the close of discovery.

8. **Expert Disclosures**. Initial expert disclosures shall be due no later than **May 22, 2017**, sixty (60) days before the discovery cut-off date. Rebuttal expert disclosures shall be due no later than **February 27, 2017**, thirty (30) days after the disclosure of initial experts.

9. **Interim Status Report**. Pursuant to Local Rule 26-3, the deadline for filing the Interim Status Report shall be due no later than **May 22, 2017**, sixty (60) days before the discovery cut-off date.

10. **Dispositive Motions**. The deadline for filing dispositive motions shall be **August 20, 2017**, thirty (30) days after discovery cut-off date.

11. **Pretrial Order**. The deadline for filing the Joint Pretrial Order shall be **September 19, 2017**, thirty (30) days after the date set for filing dispositive motions. In the event dispositive motions are filed, however, the date for filing a Joint Pretrial Order shall be suspended until thirty (30) days after the decision regarding any dispositive motions or upon further order of the Court.

12. **Alternative Dispute Resolution**. The Parties certify that they have met and conferred about the possibility of using alternative dispute-resolution.

13. **Alternative Forms of Case Disposition**. The Parties certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, and the use of the Short Trial Program (General Order 2013-01).

/ / /

/ / /

14. **Electronic Evidence**. The Parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The Parties stipulate that they will provide discovery in Portable Document Format (PDF), an electronic format compatible with the court's electronic jury evidence display system.

DATED this 23rd day of November, 2016.

McDONALD CARANO WILSON LLP

/s/ *Aaron D. Shipley*
Aaron D. Shipley, Esq.
Rory T. Kay, Esq.
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
ashipley@mcdonaldcarano.com
rkay@mcdonaldcarano.com
*Attorneys for Plaintiff*

BAILEY KENNEDY

/s/ *Joshua M. Dickey*
John R. Bailey, Esq.
Joshua M. Dickey, Esq.
Paul C. Williams, Esq.
8984 Spanish Ridge Avenue
Las Vegas, NV  89148
JBailey@BaileyKennedy.com
JDickey@BaileyKennedy.com
PWilliams@BaileyKennedy.com
*Attorneys for Defendants SmartCareOS, LLC, Smart Tuition Holdings, LLC and Lyrical Partners, L.P.*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: November 29, 2016