**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ANDREW GOLDBERGER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:16-cv-01884-RFB-NJK |
| vs. | ) | ORDER |
| SMARTCARE OS, LLC, et al., | ) | |
| | ) | (Docket No. 30) |
| Defendants. | ) | |

Pending before the Court is a motion to stay discovery pending resolution of Defendants' motion to dismiss. *See* Docket No. 30; *see also* Docket No. 14 (motion to dismiss). Plaintiff filed a response in opposition, and Defendants filed a reply. Docket Nos. 32, 33. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** Defendants' motion to stay discovery. Docket No. 30.

I.  BACKGROUND

Plaintiff initiated this action on August 9, 2016, alleging, *inter alia*, claims for breach of contract, wrongful termination, breach of the covenant of good faith and fair dealing, unjust enrichment, and an accounting. Docket No. 1. On September 30, 2016, Defendants filed a motion to dismiss. Docket No. 14. Defendants submit that this Court does not have personal jurisdiction over Defendant Lyrical Partners, L.P. and that all but one of Plaintiff's claims fail as a matter of law. *Id*. at 7-17. Defendants now ask the Court to stay discovery in this action pending resolution of their motion to dismiss. Docket No. 30.

## II.     ANALYSIS

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay carries the heavy burden of making a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

Additionally, "a pending motion challenging [personal] jurisdiction strongly favors a stay, or at minimum, limitations on discovery until the question of jurisdiction is resolved." *AMC Fabrication, Inc. v. KRD Trucking W., Inc.*, 2012 U.S. Dist. Lexis 146270, at *5-6 (D. Nev. Oct. 10, 2012). In determining whether a stay is appropriate, the Court is mindful that "how the undersigned sees the jurisdictional picture may be very different from how the assigned district judge will see the jurisdictional picture." *AMC Fabrication*, 2012 U.S. Dist. Lexis 146270, at *10. Nonetheless, the filing of a motion challenging personal jurisdiction does not mandate a stay of discovery and the Court retains discretion to require discovery to move forward. *See id.* at *5 (citing *Holiday Sys., Int'l of Nev. v. Vivarelli, Schwarz, & Assocs.*, 2012 U.S. Dist. Lexis 125542, at *5 (D. Nev. Sept. 5, 2012)).

Having taken a preliminary peek at the merits, the Court finds that the relevant standards are satisfied in this case.[1] Additionally, the fact that the underlying motion to dismiss, Docket No. 14,

---

[1] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion

contests personal jurisdiction as to one of the defendants provides further support for staying discovery in the instant case.

Accordingly, Defendant's motion to stay discovery, Docket No. 30, is hereby **GRANTED**. Discovery in the instant case is **STAYED** pending the Court's resolution of Defendants' motion to dismiss. The parties shall file a joint proposed discovery plan and scheduling order within 14 days of the resolution of Defendants' motion to dismiss, in the event it is not granted in full.

IT IS SO ORDERED.

DATED: March 14, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

is not intended to prejudice its outcome. *See id.*